UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

  v.                                                Case No. 8:13-cv-1292-T-35TGW

ASSETS IDENTIFIED IN PARAGRAPH 1
OF THE VERIFIED COMPLAINT,

    Defendant.
_____/

**REPLY TO UNITED STATES' RESPONSE
IN OPPOSITION TO HUMMEL'S MOTION TO DISMISS
OR FOR A MORE DEFINITE STATEMENT**

James E. Felman
 Florida Bar No. 0775568
Katherine Earle Yanes
 Florida Bar No. 159727
Kynes, Markman & Felman, P.A.
P.O. Box 3396
Tampa, FL 33601-3396
(813) 229-1118
jfelman@kmf-law.com
kyanes@kmf-law.com
*Attorneys for Claimants*
*Timothy Hummel and*
*Patricia Hummel*

**REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO HUMMEL'S
MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

**I.   Background**

This case arises out of the government's seizures of property belonging to Claimants Timothy and Patricia Hummel, Sean Hummel, Donald Sommers, Douglas Graham, and Azaroma LLC, on July 25, 2012.  As discussed in Hummel's motion to dismiss, Doc. 45 at 4-5, in October 2012, Timothy Hummel filed a motion for return of seized property pursuant to Federal Rule of Criminal Procedure 41(g), in Case No. 8:12-mj-01457-TGW (M.D. Fla.).  None of the other claimants in this litigation participated in the Rule 41(g) litigation.  Hummel argued there that the federal Analogue Act is unconstitutionally vague as to two substances, XLR-11 and UR-144.

Following the district court's denial of the Rule 41(g) motion, Hummel appealed the order to the Eleventh Circuit.  That court issued a jurisdictional question ordering the parties to address whether the district court's order was a final, appealable order.  The government filed a combined response to the jurisdictional question and motion to dismiss, attached as Exhibit A.  Before the Eleventh Circuit, the government took the position that the Rule 41(g) order is not a final, appealable order because Hummel's argument that "the Analogue Statute is unconstitutionally vague as applied to XLR-11" "will be litigated in the civil forfeiture proceeding ...." Ex. A at 4.

In August 2012, four months before the evidentiary hearing, Hummel sent the DEA a FOIA request, attached as Exhibit B.  Among the documents requested were any that contained an opinion from anyone in the DEA regarding whether UR-144 or XLR-11 is a controlled substance analogue.  The government did not respond to the request before the hearing, or indeed until July 2013, after Hummel's appeal was pending.  Additionally, Fedida sent the government

1

a *Brady* request, attached as Exhibit C, in advance of the evidentiary hearing requesting any documents that reflected "any concern, doubt, contrary or conflicting opinions, or questions" by anyone in the DEA about whether UR-144 and XLR-11 are controlled substance analogues. In response to this specific request, the government produced nothing. At Hummel's evidentiary hearing, Dr. Boos testified that the other "scientists in his [his] shop" agreed with him that XLR-11 and UR-144 are substantially similar in chemical structure to JWH-018. Doc. 45 Ex. 3 at 250. He further assured the court that "other scientists in [his] section" had "also weigh[ed] in on this through the process." *Id.* at 254. In February 2013, Dr. Boos testified as follows at the *Smoke Shop* hearing regarding his opinion that XLR-11 and UR-144 are unlawful as analogues:

> Q: Did anybody within the D.E.A. disagree with you?
> A: Not that I'm aware of.
> Q: Did anybody express any doubt or concern about it?
> A: Not that I'm aware of.

Doc. 45 Ex. 10 at 226-27. In July 2013, the government sent Fedida a *Brady* letter, attached as Exhibit D, disclosing for the first time that during the process in which the DEA reached its opinion that these substances are analogues, Dr. Boos' section had consulted with a chemist in the DEA's Office of Forensic Science, and the chemist had opined that UR-144 is not substantially similar in chemical structure to JWH-018. Ex. D. Documents the government subsequently provided to Fedida's counsel, attached as Exhibit E, suggest an entire Section of the DEA disagreed not only with Dr. Boos' conclusion that UR-144 is an unlawful analogue, but also with his authority to reach such a conclusion on behalf of the agency.

II. **Hummel's constitutional argument is not barred by collateral estoppel.**

Hummel argued in the motion to dismiss that the Analogue Act is unconstitutionally vague

2

as to the substances at issue here. Doc. 45 at 8-23. The government argues that this issue is barred by collateral estoppel. Doc. 55 at 11-16. Application of collateral estoppel requires that:

> (1) an identical issue was presented in the prior proceeding; (2) the issue was a critical and necessary part of the prior proceeding; (3) the issue was fully and fairly litigated in the previous proceeding; (4) the parties in the two proceedings were identical; and (5) a final decision was rendered by a court of competent jurisdiction.

*Bryant v. Jones*, 575 F.3d 1281, 1303 (11th Cir. 2009). Whether to apply the collateral estoppel doctrine "is within the sound discretion of the trial court." *In re Bush*, 62 F.3d 1319, 1325 (11th Cir. 1995) (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979)). Collateral estoppel should not be applied here to bar the constitutional issue for at least five reasons.

First, the government has argued that the Eleventh Circuit lacks jurisdiction over Hummel's appeal and moved to dismiss the appeal on the ground that it is moot. Ex. A. Should the government prevail in this argument, the Rule 41(g) order *cannot* be given preclusive effect.[1] Collateral estoppel does not bar relitigation of an issue in a subsequent action if the "party against

---

[1] Having taken the position in seeking dismissal of Hummel's appeal that Hummel will be able to litigate the constitutional issue before this Court, Ex. A at 4, the government will also be barred from seeking preclusion of Hummel's constitutional argument for two additional reasons if it succeeds in having his appeal dismissed. First, parties may not succeed on a position in one phase of a case, only to rely "on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Following the government's filing of its Response in this Court arguing collateral estoppel, Hummel provided that document to the Court of Appeals under a Notice of Filing and Request for Judicial Notice, noting the inconsistent positions the government has taken. Hummel's notice of filing, the government's response, and Hummel's reply are attached as Exhibit F. Second, should the Eleventh Circuit determine that Hummel's appeal is moot, that court should properly vacate the district court's judgment in the Rule 41(g) proceedings. "When causes beyond the appellant's control make a case moot pending appeal, a federal appellate court generally should vacate the judgment below and remand with a direction to dismiss." *In re Otasco, Inc.*, 18 F.3d 841, 843 (10th Cir. 1994). "Vacating the lower court's judgment permits relitigation of the unreviewed issues." *Id.*

whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 647 (2006) (quoting Restatement (Second) of Judgments § 28(1) (1980)).

Second, the issues addressed in the prior proceeding are not identical to the issues before this Court. While the prior litigation involved XLR-11, Hummel argues in this litigation that the Act is vague not only as to XLR-11, but also as to AM-2201. Further, the prior district court did not decide whether – as Hummel asserts here, Doc. 45 at 21-22 – prong two of the Analogue Act is vague. *Id.* Ex. 7 at 18. Nor did that court address the question also raised here, *id.* at 14, of whether Dr. Boos' testimony is admissible under *Daubert*. Litigation of an issue not addressed in the prior proceeding is not barred in the later proceeding. *Bryant*, 575 F.3d at 1303.

Third, the constitutional issue was not "fully and fairly litigated" in the Rule 41(g) proceeding. No discovery was permitted or taken in that proceeding, and Hummel learned after it ended that the government had concealed material information. Not only did the government fail to disclose, despite requests that called for such information, that the DEA's Office of Forensic Science disagreed with the government's position, but Dr. Boos affirmatively led the court to believe the opposite was true. Where in the first proceeding, a party "conceal[ed] from the other information that would materially affect the outcome of the case .... the court in the second proceeding may conclude that issue preclusion should not apply because the party sought to be bound did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the first proceeding." Restatement (Second) of Judgments § 28 cmt. (j).

Fourth, the parties in the two proceedings are not identical. Sean Hummel, Sommers,

4

Graham, and Azaroma are parties in this case, but were neither parties to nor represented in the prior case, and each has joined in or moved to adopt Hummel's motion to dismiss. See Doc. 46 at 2; Doc. 47; Doc. 48. As the Supreme Court recognized in *Park Lane*, "It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." 439 U.S. at 327 n.7.

Fifth, Hummel's appeal of the Rule 41(g) order has not been decided. While the pendency of an appeal does not preclude the application of collateral estoppel, *Pincus v. Law Offices of Erskine & Fleisher*, 617 F. Supp. 2d 1265, 1269 (S.D. Fla. 2009), determining whether to apply collateral estoppel "depends upon a case by case analysis, and ... courts should be sensitive to the practical realities which surround the parties." *Chicago Truck Drivers, Helpers and Warehouse Union (Indep.) Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526, 531 (7th Cir. 1997). In exercising its discretion whether to apply collateral estoppel, the court may take into account that the issue involved is a legal question[2] that "has not been resolved by the highest appellate court that can resolve it." *Id.* The issue before this Court is a question of first impression in the Eleventh Circuit; it will not have been decided by the highest appellate court available unless and until the Eleventh Circuit rules on Hummel's appeal.

## CONCLUSION

For the reasons set forth above and in the motion to dismiss, the Complaint should be dismissed.

---

[2] As discussed in Hummel's Initial Brief on appeal, whether a statute is unconstitutionally vague is a legal question. Doc. 45 Ex. 8 at 26.

Respectfully submitted

/s/ James E. Felman
James E. Felman (FBN 0775568)
jfelman@kmf-law.com
Katherine Earle Yanes (FBN 0159727)
kyanes@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601-3396
Telephone:	(813) 229-1118
Facsimile:	(813) 221-6750

*Counsel for Timothy Hummel and Patricia Hummel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2013, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to:

Jeffrey Geldert Brown
jeff@brownanddoherty.com

William Faulkner
bfaulkner@pinellascounty.org

Brian Thomas Fitzgerald
fitzgeraldb@hillsboroughcounty.org

James Muench
james.muench2@usdoj.gov

Kevin Patrick O'Brien
kevinpaobrien@aol.com

Mark Rankin
mrankin@shutts.com

Joel J. Schwartz
jschwartz@rsrglaw.com

David Weisbrod
dweislaw@yahoo.com

/s/ James E. Felman
James E. Felman

6