UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              Case No. 8:13-cv-1292-T-35TGW

ASSETS IDENTIFIED IN
PARAGRAPH 1 OF
VERIFIED COMPLAINT,

    Defendants.

**UNITED STATES' UNOPPOSED MOTION TO AMEND**
**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

    The United States of America, moves, pursuant to Federal Rules of Civil Procedure, Rule 15(a), to amend the Verified Complaint for Forfeiture *In Rem*. The undersigned has contacted opposing counsel and this motion is unopposed. In support of this motion, the United States submits the following:

**I.**    **Introduction**

    1.    This is a civil action *in rem,* against certain assets that are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because they constitute: (1) money furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and/or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.  (Doc. 5).

    2.    Timothy and Patricia Hummel moved to dismiss the Amended Verified Complaint (complaint) pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure and Rule G(8)(b) of the Supplemental Rules for Admiralty or Maritime Claims. (Doc. 45). Sean T. Hummel, Donald J. Sommers, Douglas Graham and Azaroma LLC moved to adopt Hummel's motion to dismiss (Docs. 46-9), and Sean T. Hummel filed a separate motion to dismiss (Doc. 46).

## II.     Memorandum of Law

Pursuant to Rule 15(a), leave to amend shall be freely given. Rule 15(a) provides that a party may amend a pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Eleventh Circuit Court has noted that, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir. 1992) (non-asset forfeiture case in which leave was granted), *quoting, Foman v. Davis*, 371 U.S. 178, 182 (1962).

### Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), M.D. Fla, the undersigned contacted counsel for each of the claimants. Counsel for each of the claimants do not oppose the motion.

## **Conclusion**

Wherefore, the United States respectfully requests that the Court grant it leave to amend the Verified Complaint for Forfeiture *In Rem*, and give the United States 30 days from the date the Court rules on this motion to do so.

        Respectfully submitted,

        A. LEE BENTLEY, III
        Acting United States Attorney

By:    *s/James A. Muench*
        JAMES A. MUENCH
        Assistant United States Attorney
        Florida Bar Number 472867
        400 North Tampa Street, Suite 3200
        Tampa, Florida  33602
        (813) 274-6000 - telephone
        (813) 274-6220 - facsimile
        E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mark P. Rankin, Esquire
Katherine Earle Yanes, Esquire
James E. Felman, Esquire
David T. Weisbrod, Esquire
Jeffrey G. Brown, Esquire
Joel J. Schwartz, Esquire

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney